## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Mattie Rosetta James,

               Appellant,

                        Case No. 1:21-cv-4380-MLB

v.

SWH 2017-1 Borrower, LP,

               Appellee.

_____/

## OPINION & ORDER

Appellant Mattie James, proceeding pro se, appeals from the Northern District of Georgia Bankruptcy Court's order granting Appellee SWH 2017-1 Borrower, LP's motion for relief from the automatic stay. (Dkt. 1.) The Court affirms the Bankruptcy Court.

## I. Background

Appellee is the owner of real property in Lawrenceville, Georgia leased to Appellant pursuant to a residential lease agreement. (Dkt. 4-1 at 5.) Appellant is listed as the tenant. (Dkt. 8 at 6.) On November 25, 2019, Appellee filed a dispossessory action against Appellant and all other occupants in the Gwinnett County Magistrate Court based on

Appellant's failure to pay rent and utilities.  (*Id.*)  The Magistrate Court awarded Appellee a monetary judgment and writ of possession.  (*Id.*)  The court ordered that, if Appellant appealed, she was required to pay past and future rent into the registry of the court to remain in possession of the property.  (*Id.*)

Appellant appealed the judgment to the Gwinnett County Superior Court which set a hearing for July 26, 2021.  (*Id.* at 7.)  Three days before that hearing, Appellant filed a Petition for Chapter 13 bankruptcy.  (Dkt. 6-1.)  The Superior Court stayed the appeal.  (Dkt. 6-3 at 5.)  Appellant later converted her Chapter 13 petition into a Chapter 7 proceeding. (Dkt. 6-2 at 1.)

On September 15, 2021, Appellee filed a motion for relief from the automatic stay so it could continue dispossessory proceedings in Gwinnett County Superior Court.  (Dkt. 6-3 at 1–5.)  Appellee argued it was not adequately protected as a result of Appellant's ongoing refusal to pay rent as required and that Appellant had no equitable or legal interest in the property that could benefit the estate.  (*Id.* ¶¶ 6-10.)

The Bankruptcy Court held a hearing on Appellee's motion.  (Dkt. 6-3 at 6.)  In doing so, the Bankruptcy Court told Appellant "[i]f you do

not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading." (*Id.* at 7.) Neither Appellant nor her counsel appeared at the hearing or otherwise responded to the calendar call to state objections for the record. (Dkt. 4-1 at 5.) The Bankruptcy Court granted Appellee's motion. (*Id.*) It ordered the automatic stay be modified regarding Appellee, authorizing Appellee to pursue its state law rights and remedies against Appellant. (*Id.*)

Appellant appealed to this Court. (Dkt. 1.)

## II.   Standard of Review

"The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court." *In re Trujillo*, 485 B.R. 797, 800 (M.D. Fla. 2013); 28 U.S.C. § 158. "In its appellate capacity, a district court may 'affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'" *Choi v. Promax Invs., LLC*, 486 B.R. 541, 543 (N.D. Ga. 2012) (quoting Fed. R. Bankr. P. 8013).

In reviewing a bankruptcy court's decision to lift an automatic stay under 11 U.S.C. § 362(d), "[a] decision to lift the stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989). The district court accepts the bankruptcy court's factual conclusions as true unless they are clearly erroneous. *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993). The bankruptcy court's conclusions of law, however, are reviewed de novo. *Id.*

## III. Discussion[1]

Section 362(d) of the Bankruptcy Code empowers a Bankruptcy Court to grant a movant relief from the automatic stay afforded debtors under the Code. It provides, in part, that

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

---

[1]Under 28 U.S.C. § 158(a), the Court has jurisdiction over this appeal. *See Old W. Annuity & Life Ins. Co. v. Apollo Grp.,* 605 F.3d 856, 862 (11th Cir. 2010) (per curiam) ("A stay-relief order is a final order that is immediately appealable."). And Appellant's notice of appeal was timely under Rule 8002(b)(2) of the Federal Rules of Bankruptcy Procedures.

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).  "[T]he burden of proof on a motion for relief from stay under § 362(d)(1) shifts from the movant's initial showing of 'cause' to the party opposing the motion."  *In re George*, 315 B.R. 624, 628 (Bankr. S.D. Ga. 2004).  If the movant establishes a prima facie case of cause for relief, the burden shifts to the debtor to prove cause or adequate protection does not exist.  *Id.*  The Bankruptcy Code does not define "cause."  *See In re Feingold*, 730 F.3d 1268, 1276 (11th Cir. 2013) (citing *Baldino v. Wilson* (*In re Wilson*), 116 F.3d 87, 90 (3d Cir. 1997) ("Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case.")).  "There is no set list of circumstances that a bankruptcy court is required to consider in evaluating whether § 362(d)(1) 'cause' exists to lift the automatic stay."  *Id.* at 1277.  "Rather, courts evaluating whether to grant stay relief have

looked to a variety of case-specific factors, including (1) whether the debtor has acted in bad faith; (2) the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code; and (3) pending state court proceedings." *Id.* (citations omitted). "The failure to pay post-petition rent may also serve as grounds for lifting the automatic stay." *In re Mad Lo LLC*, No. 09-11911, 2009 WL 2902567, at *4 (Bankr. S.D.N.Y. 2009); *see also In re Schellhamer*, No. 1:08-bk-01673, 2009 WL 222427, at *5 (Bankr. M.D. Pa. 2009) ("When a debtor fails to pay rent, but continues to occupy the leased premises, 'cause' to obtain relief from the stay is established.").

In its motion for relief, Appellee cited section 362(d) of the Bankruptcy Code but did not identify the specific subsection upon which it relied. (Dkt. 6-3 at 1.) Nevertheless, in its motion for relief, Appellee argued (1) Appellant had defaulted on the lease and owed it more than $50,000, (2) Appellant had not paid rent and utilities as required by the dispossessory order, (3) Appellee faced undue hardship because it could not continue with the dispossessory proceedings in Gwinnett County Superior Court and exercise its state law remedies, and (4) Appellee was not adequately protected as a result of Appellant's continuing default and

inability to make subsequent payments.  (Dkt. 6-3 at ¶¶ 5-8.)  Appellee also averred that Appellant has no legal or equitable interest in the Property that could benefit the Estate.  (*Id.* ¶ 7.)[2]

The Bankruptcy Court held a hearing on the motion.  (Dkt. 4-1 at 4.)   Neither Appellant nor her counsel appeared at the hearing, responded to the calendar call to state objections for the record, or otherwise argued against Appellee's request for relief.  (*Id.* at 4–5.)  In granting Appellee's motion, the Bankruptcy Court stated that notice of the hearing had been given, Appellee's counsel had responded to the calendar call, but neither Appellant nor her attorney attended the hearing or otherwise responded to the motion.  (*Id.*)  The Court thus granted the motion, finding Appellee entitled to the relief sought.

Appellant does not really argue the Bankruptcy Court erred in reaching the conclusion it did.  Indeed, Appellant concedes she and her attorneys wholly failed to respond to Appellee's motion or the Court's

---

[2] Since Appellant was proceeding under Chapter 7 rather than Chapter 13, Appellee was not required to make any representation as to the need of the property for an effective reorganization. *See In re Lyons*, 19 B.R. 66, 67 (Bankr. N.D. Ga. 1982) (in Chapter 7 cases, the court abandons the requirements of 11 U.S.C. § 362(d)(2)(B) as the debtor's reorganization is not an issue).

orders regarding it.  (Dkt. 7 at 4-5.)  She also fails to cite any record facts that might have stood in opposition to Appellee's motion for relief from the stay.  Based on these undisputed facts, the Court discerns no abuse of discretion in the Bankruptcy Court's decision to lift the automatic stay.

But, Appellant contends the Bankruptcy Court erred because "the breach of the fiduciary duty and incompetence of [her] [a]ttorney." (Dkt. 7 at 4.)  Appellant specifically says her attorneys failed to present viable defenses to the Bankruptcy Court which would have altered the outcome of the motion for relief.  (*Id.*)  Appellant requests reversal "to provide an opportunity to cure the failure of the previous attorney of record by presenting [her] viable defenses." (*Id.* at 7.)  This argument does not merit reversal as "there is no constitutional or statutory right to effective assistance of counsel on a civil case." *Mekdeci ex rel. Mekdeci v. Merrell Nat'l Labs., a Div. of Richardson—Merrell, Inc.*, 711 F.2d 1510, 1521 (11th Cir. 1983) (quoting *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1981)).  In civil cases, attorneys act as the agents of their clients, and a party cannot "avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634–35 (1962); *accord Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 719 (11th

Cir. 2011) (per curiam) ("[A] litigant is generally bound by all acts and omissions of his attorney."). "Because of this relationship, a party who feels his attorney's conduct has fallen below an acceptable standard may pursue an action for malpractice, but he [or she] cannot seek to alter or amend a court's judgment." *Matter of Fuller*, 560 B.R. 876, 880 (Bankr. N.D. Ga. 2016). Appellant argues her attorney provided ineffective representation by failing to present viable defenses to the Bankruptcy Court which would have altered the outcome of the motion for relief. (Dkt. 7 at 4.) These allegations are serious. But asking the Court to reverse a Bankruptcy Court's order based on these allegations is not the correct avenue for Appellant to seek relief.

## IV.  Conclusion

Accordingly, it is hereby **ORDERED** that the decision of the Bankruptcy Court is **AFFIRMED**.

Appellant's Motion to Stay (Dkt. 3) and Emergency Motion for Injunction (Dkt. 9) are **DENIED AS MOOT.**

The Clerk is **DIRECTED** to terminate all pending submissions and to **DISMISS** this appeal.

**SO ORDERED** this 5th day of May, 2022.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE